# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| MICHAEL W. CORNER, | ) | CHAPTER 7 |
| | ) | |
| Debtor. | ) | Case No.: 16-17368-mdc |
| | ) | |

## ORDER

Upon consideration of the Objection of the Chapter 7 Trustee to the Debtor's Claim of Exemptions and the Response of the Debtor thereto, and after a hearing upon the merits, if any,

It is hereby **ORDERED** that the Objection of the Chapter 7 Trustee to the Debtor's Claim of Exemptions is hereby dismissed.

By the Court:

Magdeline D. Coleman
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: ) | |
| ) | |
| MICHAEL W. CORNER, ) | CHAPTER 7 |
| ) | |
| Debtor. ) | Case No.: 16-17368-mdc |
| ) | |

## RESPONSE TO OBJECTION OF CHAPTER 7 TRUSTEE TO
## THE DEBTOR'S CLAIM OF EXEMPTIONS

Michael W. Corner (the "Debtor"), through his undersigned legal counsel, responds to the Objection of Gary S. Seitz, Esquire, the Chapter 7 Trustee (the "Chapter 7 Trustee"), as follows:

## BACKGROUND

1. Admitted.

2. Admitted.

3.a.-c. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Denied as conclusions of law to which no response is required.

## **THE OBJECTION**

### **The Residence**

10. Denied as a conclusion of law to which no response is required.

11. Denied as a conclusion of law to which no response is required. By way of further response, the exemption for the residence specified at Item 2 of Schedule C is clearly designated as applying strictly to only 100% of fair market value up to any applicable statutory limit. It is unnecessary to check any other box on Schedule C because only federal exemptions are elected.

12. Denied as a conclusion of law to which no response is required. By way of further response, the Debtor agrees to the applicable federal exemption of $22,975.00 as to his personal residence. At the Meeting of Creditors, the Debtor also discussed the possibility of paying additional equity to the Trustee for distribution to creditors to compensate for any remaining nonexempt equity in his personal residence.

### **The Investment Property**

13. Denied as a conclusion of law to which no response is required.

14. Denied as a conclusion of law to which no response is required. By way of further response, the Debtor does not seek to exempt more than the available statutory limit. To the contrary, at the Meeting of Creditors, the Debtor specifically indicated to the Trustee that he has no equity in the investment premises after applicable costs of liquidation and requested that the property be abandoned.

2

15. Denied as a conclusion of law to which no response is required. By way of further response, the Debtor agrees that the allowable federal exemption should be no more than $1,225.00. However, such exemption is unnecessary because the Debtor has no equity in the premises after credit for applicable costs of liquidation. To the extent such exemption may be required, it is properly indicated in Schedule C of the Debtor.

16. Denied as a conclusion of law to which no response is required. By way of further response, the Schedule of Exemptions clearly indicates that the Debtor selected 11 U.S.C. §522(b)(3)(c) for purposes of exempting the IRA account. State exemptions were not selected.

17. Denied. The Debtor has not attempted to claim a state exemption for his IRA. To the contrary, the Debtor specifically lists in his schedules that the IRA is exempt pursuant to 11 U.S.C. §522(b)(3)(c).

**WHEREFORE,** Debtor requests that the Objections of the Chapter 7 Trustee to the Debtor's Claim of Exemptions be dismissed.

Stephen M. Howard, Esquire
Attorney for Debtor, Michael W. Corner
605 North Broad Street
Lansdale, PA  19446
Telephone:  (215) 362-2572
Facsimile:  (215) 362-1224

3